IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

PERCY DILLON,

    Defendant.

No. CR 14-00024 WHA

**ORDER DENYING MOTION TO TERMINATE OR REDUCE TERM OF SUPERVISION**

## INTRODUCTION

Defendant has filed a *pro se* motion to terminate supervised release early on December 1, 2014, or alternatively, to reduce his term of supervision. For the reasons discussed below, the motion is **DENIED**.

## STATEMENT

In the Western District of Pennsylvania, a jury convicted defendant Percy Dillon of three charges: (1) conspiracy to distribute and possess with intent to distribute in excess of five-hundred grams of cocaine and in excess of fifty grams of cocaine base; (2) use of a firearm during and in relation to a drug-trafficking crime; and (3) possession with intent to distribute in excess of five-hundred grams of cocaine. Defendant was then sentenced to 322 months of custody and five years of supervised release on November 19, 1993.

Thereafter, defendant filed two motions to reduce his sentence due to changes in the sentencing guidelines for crack cocaine. Both motions were granted, such that defendant's sentence was reduced from 322 months of custody to 270 months in custody, and later to time

served. At that point, defendant's actual time in custody had exceeded the revised sentencing guidelines by 28 months. He was thus released on November 10, 2011.

On December 5, 2011, however, defendant was arrested for delivery of marijuana and association with a known felon — Jerron Lollis, defendant's cousin and co-defendant from the original underlying federal offense. Earlier that day, defendant had called Lollis for a ride home. When Lollis arrived in his car, defendant entered the vehicle and immediately smelled marijuana, confirmed with his cousin that there was marijuana in the car, but nevertheless remained in the car, telling Lollis to "take [him] out of here; just take [him] home, man." *United States v. Dillon*, 725 F.3d 362, 364 (3d Cir. 2013). Shortly thereafter, police officers pulled over the car and were "immediately hit by a really strong smell of unburned or fresh marijuana." The police then ordered defendant and Lollis out of the car, but Lollis revved the engine and pulled away (with one of the officers still dangling from the car window). Another officer discharged his weapon in an attempt to stop the vehicle. Once the car stopped, the police arrested defendant and Lollis and recovered over 65 pounds of marijuana from the vehicle, for which Lollis claimed sole responsibility.

Defendant was then charged with supervised-release violations, and following a hearing, Judge Alan N. Bloch found that defendant had violated his supervised-release condition to not associate with other felons. As a result, defendant's term of supervised release was revoked, and he was sentenced to 24 months of custody and 36 months of supervised release thereafter. That term of supervision then began on November 29, 2013.

On January 15, 2014, defendant was transferred to the present district to continue his supervision. He has since filed a *pro se* motion to terminate his supervised release early on December 1, 2014, or to reduce his term of supervision by the additional 28 months that he served in custody. Having reviewed that motion, as well as the responses from probation and the government, this order decides below.

**ANALYSIS**

In support of his motion, defendant cites Section 3583(e)(1) and (2) of Title 18 of the United States Code (emphasis added):

2

> **(e) Modification of conditions or revocation.** — The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
>
> **(1)** *terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> **(2)** extend a term of supervised release if less than the maximum authorized term was previously imposed, *and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

Section 3583(e)(1), however, is not a valid basis for defendant's motion, at least at this point. That provision states that early termination of supervised release may be available "after the expiration of one year of supervised release . . . ." Here, defendant has completed almost nine months of supervision. He is thus not eligible for early termination under Section 3583(e)(1).

Nor does Section 3583(e)(2) guarantee defendant his requested relief. The Supreme Court has stated that "equitable considerations of great weight" underlie Section 3583(e)(2). *United States v. Johnson*, 529 U.S. 53, 60 (2000). It is also true that this provision "allows the court to modify or reduce the conditions of supervised release *at any time*," such that "it is possible for [a defendant] to receive relief in the form of a reduced or modified term of supervised release." *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001) (emphasis added).

Nevertheless, this order declines to do so given the objections from probation and the government. For example, both point to the fact that defendant was found to have violated a condition of his supervised release within a month after his first release from custody on November 10, 2011. Indeed, that incident involved the police stopping defendant while he was in a known felon's car, where there was "a really strong smell of unburned or fresh marijuana" coming from the vehicle, and where the car was driven away with a police officer still dangling

3

from the car's window.  Another officer even discharged his weapon in an attempt to stop the car.

      This order recognizes that defendant has complied with the conditions of his supervised release so far.  Indeed, there have been no positive drug tests, and defendant has maintained regular employment as a maintenance engineer with Citiscape Property Management Company.  This is a good performance by defendant on his present term of supervision.  Nonetheless, in light of the present record and the factors that the undersigned judge must consider under Section 3583, defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  August 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE